**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEW CINGULAR WIRELESS PCS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1362 SRW |
| | ) | |
| ST. CHARLES COUNTY, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants St. Charles County, Missouri and St. Charles County Council's motion to quash service. ECF No. 12. Plaintiff has not filed an opposition, and the time to do so has passed. For the following reasons, the Court will grant Defendants' motion.

### Background

On October 27, 2023, Plaintiff New Cingular Wireless PCS LLC filed the instant action against Defendants St. Charles County, Missouri and St. Charles County Council. ECF No. 1. On November 15, 2023, summons was returned executed upon both Defendants. ECF Nos. 9, 10. On December 6, 2023, Defendants filed the instant motion to quash asserting that the Complaint and Summons were inappropriately delivered to a receptionist in the Office of the St. Charles County Counselor's Office, rather than the St. Charles County Registrar or chief executive officer of the County. As such, Defendants ask this Court to quash the service of process as Plaintiff has not properly served the County.

**Discussion**

Defendants contend the service of process does not comply with the Federal Rules of

Civil Procedure or the Missouri Supreme Court Rules, which are made applicable to this case

through Rule 4(e)(1), Fed. R. Civ. P. Although Defendants do not state the procedural basis for

their motion, the Court recognizes that a Rule 12(b)(5) motion is the proper vehicle for

challenging the mode of delivery or the lack of delivery of the summons and complaint, *e.g.*, the

absence of an agency relationship between the recipient of process and the defendant. 5A C.

Wright and A. Miller, *Federal Practice and Procedure* § 1353 (2d ed. 1990). Thus, the Court

will consider the instant motion under Rule 12(b)(5) with respect to both Defendants.

Federal Rule of Civil Procedure 4(j) provides with respect to service on governmental

organizations:

> Service upon a state, municipal corporation or other government organization
> subject to suit shall be effected by delivering a copy of the summons and of the
> complaint to its chief executive officer or by serving the summons and complaint
> in the manner prescribed by the law of that state for the service of summons or
> other like process upon any such defendant.

Fed. R. Civ. P. 4(j).

Missouri Supreme Court Rule 54.13(b)(4) provides that service of process on a public or

quasi-public corporation or body shall be made as follows:

> Upon a public, municipal, governmental or quasi-public corporation or body, by
> delivering a copy of the summons and petition to the clerk of the county
> commission in the case of a county, to the mayor or city clerk or city attorney in
> the case of a city, to the chief executive officer in the case of any public,
> municipal, governmental or quasi-public corporation or body or to any person
> otherwise lawfully so designated. If no person above specified is available for
> service, the court out of which the process issued may designate an appropriate
> person to whom copies of the summons and petition may be delivered in order to
> effect service.

Mo. S. Ct. Rule 54.13(b)(4).[1]

Defendants assert that the summons was not delivered to the County Registrar or the County Executive, but rather to Ms. Denise Lutz, a receptionist at the Office of the St. Louis County Counselor's Office. Defendants submit an Affidavit from Ms. Lutz indicating she is not an employee in the department of the St. Charles County Executive's Office or the County's Registrar Office, and is not authorized by the County Executive to accept service on behalf of the County. ECF No. 13-1. Thus, Defendants contend that the service attempted did not satisfy Rule 4 of the Federal Rules of Civil Procedure and the summons and complaint should be quashed.

If a defendant is not properly served, a federal court lacks jurisdiction over that defendant. *Adams v. AlliedSignal General Aviation Avionics*, 74 F.3d 882, 885 (8th Cir. 1996). The record in this case shows that Defendants have not been properly served with process for the reasons summarized above. As a result, the Court lacks jurisdiction over Defendants, and the motion to quash summons and complaint should be granted. Plaintiff is advised that pursuant to Rule 4(m), Fed. R. Civ. P., service of summons and complaint must be obtained on all Defendants in this action within 120 days after the filing of the complaint, or the Court will dismiss the action without prejudice with respect to any unserved Defendants. Accordingly,

**IT IS HEREBY ORDERED** that Defendants St. Charles County, Missouri and St. Charles County Council's motion to quash service [ECF No. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 4(m), Fed. R. Civ. P., Plaintiff must obtain service of summons and complaint on all Defendants in this action within 120 days

---

[1] The Court notes that Defendants' motion to quash contains a typographical error and incorrectly cites this rule as 54.13(b)(14). The correct citation is Rule 54.13(b)(4).

after the filing of the complaint, or the Court will dismiss the action without prejudice with respect to any unserved Defendants.

Dated this 2nd day of January, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE