**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NEW CINGULAR WIRELESS PCS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1362 SRW |
| | ) | |
| ST. CHARLES COUNTY, MISSOURI and | ) | |
| ST. CHARLES COUNTY COUNCIL, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the motion to dismiss filed by Defendant St. Charles

County Council (the "Council") pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff

New Cingular Wireless PCS LLC d/b/a AT&T Mobility opposes the motion and it is fully

briefed. For the following reasons, the motion to dismiss will be granted.

**I.      Background**

This is an action brought by Plaintiff New Cingular Wireless PCS LLC d/b/a AT&T

Mobility ("AT&T") against Defendants St. Charles County, Missouri (the "County") and St.

Charles County Council ("Council"). ECF No. 1. AT&T alleges the County and Council

unlawfully denied its applications for rezoning and a conditional use permit to construct a

wireless communications facility on real property located in St. Charles County, Missouri. In

Count I of the complaint, AT&T asserts the denial is a violation of the Communications Act of

1934, as amended by the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7) (the "TCA").

In Count II, AT&T seeks judicial review pursuant to Mo. Rev. Stat. § 536.100.[1] For relief,

---

[1] Section 536.100 provides for judicial review of agency action upon which the court "shall render judgment affirming, reversing, or modifying the agency's order . . . and may order the agency to take such further action as it may be proper to require[.]"

AT&T seeks an order from this Court requiring Council to approve its applications and authorize it to install a wireless communications facility at the proposed site.

## II.     Motion to Dismiss

On January 25, 2024, Defendant Council filed the instant motion to dismiss contending it should be dismissed from this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF No. 23. Council identifies itself as a branch and subdivision of St. Charles County, Missouri. *Id.* at 1. The motion cites to case law holding that local government entities, such as police and sheriff's departments, paramedic service departments, administrative community service departments, and administrative personnel departments, are not suable entities because they are branches or subdivisions of the municipality. ECF No. 24, at 2-3 (citing *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992), *Jordan v. Kansas City*, 929 S.W.2d 882 (Mo. Ct. App. 1996), *White v. Camden County Sheriff's Department*, 106 S.W.3d 626 (Mo. Ct. App. 2003), *State ex rel. Gore v. Wochner*, 475 F. Supp. 274, 280 (E.D. Mo. 1979), *aff'd* 620 F.2d 183 (1980), *cert denied* 499 U.S. 875). Council also asserts that because it is a governmental entity lacking capacity to sue under Missouri law, it also lacks legal capacity to be sued in federal court. *Id.* at 2.

AT&T opposes the motion to dismiss arguing that this Court does have personal jurisdiction over the County's Council. ECF No. 25. AT&T reasons that because Council is a legislative body, not merely a department or subdivision performing administrative functions, it is an independent suable entity. *Id.* at 1-2. AT&T asserts that the case law Council cited in its motion involved entities which were not legislatively created, but rather administrative arms of the City lacking legal identities apart from the City. Whereas, here, Council is not an

2

administrative entity performing administrative functions. To the contrary, AT&T argues

Council is empowered to act on its own behalf as a legislative entity. Moreover, AT&T asserts it

is necessary and proper for Council to be a party to this action because it is the body which

makes the decision to approve or deny conditional use permits. *Id.* at 3.

In reply, Council cites to one case, *Purcell v. Cape Girardeau County Commission*, No.

ED92213, 2009 WL 2145478 (Mo. Ct. App. July 21, 2009), arguing it should guide this Court's

decision on the instant issue. *Purcell* was a civil lawsuit filed by Cape Girardeau County

Commissioner Jay Purcell against the Cape Girardeau County Commission. The trial court

granted summary judgment in the Commission's favor. *Id.* at *1. On appeal, the Missouri Court

of Appeals determined the Cape Girardeau County Commission was not "an entity capable of

being sued in its own name." *Id.* at *3-5. In reaching this decision, the *Purcell* court relied on

Missouri Supreme Court precedent *American Fire Alarm Co. v. Board of Police Commissioners*

*of Kansas City*, 285 Mo. 581, 227 S.W. 114 (1920), abrogated on other grounds by *Reifschneider*

*v. City of Des Peres Public Safety Commission*, 776 S.W.2d 1 (Mo. 1989), which held the

Kansas City Board of Police Commissioners could not be sued. *Id. Purcell* "recognize[d] [the

Cape Girardeau] county commission [wa]s created under different legislative authority" than the

Kansas City Board of Commissioners, yet found "no legal significance in this distinction" and

"no basis for departing from the well established and clear precedent of *American Fire Alarm*."

*Purcell*, 2009 WL 2145478, at *5.

Council argues *Purcell* provides guidance for the instant case because "[l]ike the

Commission discussed in *Purcell*, the St. Charles County Council is the legislative branch of St.

Charles County, Missouri" and, like the Cape Girardeau County Commission, the St. Charles

3

County Council cannot be sued. ECF No. 26 at 3. Council also highlights that "the Court of Appeals noted that a number of Missouri cases provide that departments of local governments cannot be sued separately from the local government with which it is affiliated, and that the precedent set in those cases should be applied to the County Commission." *Id.* at 3-4.

Because *Purcell* was not discussed in Council's motion, the Court provided AT&T the opportunity to file a surreply. *See* ECF No. 27. In its surreply, AT&T contends that because *Purcell* is an unpublished opinion, it is not binding on this Court. AT&T urges this Court to reject the reasoning advanced in both *Purcell* and Council's motion to dismiss.

### III.    Legal Standard

A party may move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citations omitted). "To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." *Id.* (citing *K–V Pharm. Co. v. J. Uriach & CIA, S.A*, 648 F.3d 588, 591 (8th Cir. 2011)).

### IV.    Discussion

The issue before this Court is whether the St. Charles County Council, the county's legislative body, is an entity that can be sued. This question appears to be an issue of first impression for this Court, however, *Purcell* and *American Fire Alarm*, serve as persuasive precedent for finding that Council is not a suable entity.

AT&T expresses concern that if it cannot sue Council, "there is no party which the Court can compel to approve the conditional use permit." ECF No. 25 at 2. However, this concern is unwarranted because prior lawsuits before this Court have resulted in compelling the approval of conditional use permits in suits against the County of St. Charles itself and other municipalities. *See, e.g.*, *Sprint Spectrum L.P. v. Cnty. of St. Charles, Mo.*, No. 4:04CV1144 RWS, 2005 WL 1661496 (E.D. Mo. July 6, 2005); *Sprint Spectrum, L.P. v. City of Dardenne Prairie, Missouri*, No. 4:06CV-00095 JCH, 2006 WL 8459115 (E.D. Mo. Sept. 19, 2006); and *Voicestream PCS II Corp. v. City of St. Louis, Mo.*, No. 4:04CV732 FRB, 2005 WL 6122137 (E.D. Mo. Aug. 3, 2005).

## A.   *Purcell v. Cape Girardeau County Commission*

Council argues *Purcell*, an unpublished Missouri Court of Appeals opinion, provides the Court with guidance in addressing this issue of first impression. *See* ECF No. 26. In *Purcell*, the state court determined the Cape Girardeau County Commission, the county's legislative body, could not be sued in its own name. *Purcell*, 2009 WL 2145478, at *5. *Purcell* relied on *American Fire Alarm*, a Missouri Supreme Court case, for the relevant factors. *Id.* at *4.

*American Fire Alarm* and *Purcell* looked to "the manner in which boards and commissions for public purposes had been established and the powers conferred upon them." *Id.* Specifically, the factors considered were: (1) whether the commission was expressly empowered under its legislative authority to sue or be sued in the name of the County Commission; (2) whether the commission may lease property other than property owned by the county; (3) whether the commission was authorized to borrow money; and (4) whether the commission was authorized to issue negotiable bonds. *Id.* at *5. Noting that the absence of legislative authority to

5

sue or be sued "was a determining factor" in *American Fire Alarm*, the *Purcell* court held the Cape Girardeau County Commission, which had not been authorized to sue, be sued, lease property other than property owned by the county, borrow money, or issue negotiable bonds, had not been allocated sufficient powers or responsibilities to be a suable entity. *Id.*

*Purcell* understood the Kansas City Board of Police Commissioners in *American Fire Alarm* and the Cape Girardeau County Commission to be different because the entities were "created under different legislative authority." *Purcell*, 2009 WL 2145478, at *5. However, the court found "no legal significance in the distinction." *Id.* Although the commission in *American Fire Alarm* was distinguishable from the commission in *Purcell* in some respects, *Purcell* did not find these distinctions legally relevant in determining whether the Cape Girardeau County Commission was capable of being sued.

Council misunderstands the *Purcell* court's rejection of a legally significant distinction between the commission in *American Fire Alarm* and the commission in *Purcell*. The *Purcell* court did not state the precedent set in Missouri cases involving departments of local governments should apply to the commission, as Council contends. *See* ECF No. 26, at 3-4 ("the Court of Appeals noted that a number of Missouri cases [which] provide that departments of local governments cannot be sued separately from the local government with which it is affiliated . . . should be applied to the County Commission").

Rather, the *Purcell* court explicitly acknowledged the legal significance of the distinction between *departments* of a local government and *commissions* like those implicated in *American Fire Alarm* and *Purcell*. *See Purcell*, 2009 WL 2145478, at *5. In beginning its analysis of whether the Cape Girardeau County Commission may be sued as an entity, the *Purcell* court

6

cited to *Jordan v. Kansas City* to support its conclusion that "[i]f a commission is deemed to be a department of an existing local government, our inquiry ends because a department is not capable of being sued." *Id.* at *3. In the following sentence, the court stated "[h]owever, if as here, the Commission is not a department of a local government . . . then our inquiry continues to determine whether . . . the Commission as an entity [is] capable of being sued in its own name." *Id.* In *Purcell*, the court clarified its inquiry must continue because, like the commission in *American Fire Alarm*, the Cape Girardeau County Commission was not a department of a municipal government. *Id.* at *4. Thus, the *Purcell* court made clear that it finds legal significance in the distinction between the commissions at issue in *Purcell* and *American Fire Alarm* and departments.

This Court similarly finds there is legal significance in the distinction between the departments implicated in the cases Council cites and the St. Charles County Council. Council is not a department of St. Charles County; rather, it is the county's legislative body. *See* Charter of St. Charles County, Missouri ("Charter") § 2.100. Thus, the case law Council cites regarding departments of municipalities is inapplicable to the instant case. *See* ECF No. 24 at 2-3 (citing *Jordan v. Kansas City*, 929 S.W.2d 882 (Mo. Ct. App. 1996) (holding the Neighborhood and Community Services Department could not be sued), *White v. Camden County Sheriff's Department*, 106 S.W.3d 626 (Mo. Ct. App. 2003) (finding the Camden County Sheriff's Department was not an entity capable of being sued), *State ex rel. Gore v. Wochner*, 475 F. Supp. 274, 280 (E.D. Mo. 1979), *aff'd* 620 F.2d 183 (1980), *cert denied* 499 U.S. 875) (holding the Department of Personnel was not a suable entity), *Catlett v. Jefferson County*, 299 F.Supp.2d 967 (E.D.Mo.2004) (finding the Jefferson County Sheriff's Department could not be sued),

*Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81 (8th Cir. 1992) (finding the West Memphis Police Department was not a juridical entity capable of being sued).

Although *Purcell* does not support Council's argument that Missouri precedent involving departments of local governments should be applied to the St. Charles County Council, *Purcell* does lend support to Council's overarching contention that it is not a suable entity. Like the commissions in *Purcell* and *American Fire Alarm*, Council has not been authorized to sue or be sued.[2] Further, while Council does not have the power to issue negotiable bonds, it is empowered to "authorize the County Executive to execute and issue negotiable instruments of the County . . . ." *See* Charter of St. Charles County, Missouri ("Charter") § 2.519. However, unlike the commission in *Purcell*, Council is authorized to borrow money and may lease property that is not owned by the county. *See* Charter § 2.519 (Council has the power to "[b]orrow money"); Charter § 2.517 (Council has the power to "[r]ent or lease County properties and *rent or lease other property* for County use" (emphasis added)).

While the strongest factor weighs in favor of finding Council is not an entity capable of being sued, the factors analyzed by the *Purcell* court point to different conclusions when applied to the instant case. Thus, the Court turns to *American Fire Alarm*, the case that provided *Purcell* court with the persuasive precedent it used to reach its conclusion.

**B.    *American Fire Alarm Co. v. Board of Police Commissioners of Kansas City***

Unlike *Purcell*, *American Fire Alarm* did not involve a municipality's legislative body. *See American Fire Alarm*, 227 S.W. at 115. However, it is a case in which the state court

---

[2] The County Counselor, rather than the Council, is the entity authorized to "institute, in the name of and on behalf of the County, all civil suits and other proceedings . . . ." *See* Charter of St. Charles County, Missouri ("Charter") § 4.602.4.

determined whether a non-departmental entity within a municipality's government was capable

of being sued. *See id.* at 117. *American Fire Alarm* focused on three factors to make its

determination.

First, *American Fire Alarm* considered whether the Board of Police Commissioners had

the power to contract. *See id.* However, the court held this factor was not determinative because

even though the Board of Police Commissioners had the power to make contracts, the court held

it was not a suable entity. *See id.* at 119-20. Second, *American Fire Alarm* reasoned, "[i]f a

power is given . . . to hold the title of real property . . . such a grant may be taken to show a

legislative intent" to allow the property holding entity to be sued. *Id.* at 119. The court qualified

that "[t]he title to whatever property may be acquired by the action of the police commissioners

of Kansas City does not appear to be vested in them as a body corporate, although they have the

care and custody of it." *Id.* at 120. Thus, while the power to hold title to property may militate in

favor of finding an entity capable of being sued, the mere care and custody of the property of

another entity does not weigh in favor of finding the custodial entity capable of being sued.

Finally, *American Fire Alarm* devoted great attention to whether the entity had explicitly been

empowered to sue or be sued. *See id.* at 118-121. The court believed this factor to be so

determinative that it found "in the absence of a statute giving the body a distinctive name

whereby it may sue and be sued, it does not follow, according to authorities we have found, that

an action will lie against it . . ." as an entity. *Id.* at 118.

The *American Fire Alarm* factors weigh in favor of finding Council cannot be sued. First,

Council has been empowered to contract in many capacities. *See* Charter § 2.512 (Council has

the power "to contract with Cities, Towns, or Villages to assess, equalize, remit, and collect their

taxes"); Charter § 2.527 (Council has the power to "contract with other jurisdictions situated in the County . . ."); Charter § 2.528 (Council has the power to "[c]ooperate or join by contract or otherwise with any City, County, State, or political subdivision or agency thereof, or with the United States or any agency thereof . . ."). However, as made clear by *American Fire Alarm*, contract power alone is insufficient to find an entity capable of being sued.

Second, the St. Charles County Charter empowers Council to acquire real property. Charter § 2.516 (Council has the power to "[a]cquire in the name of the County by condemnation, purchase, gift, donation or otherwise, real and personal property"). However, according to the Charter, Council acquires the property *in the name of the County*. *See id.* (emphasis added). Thus, the distinction made in *American Fire Alarm* between an entity acquiring property and having the property vested in that entity applies in the instant case. *See American Fire Alarm*, 227 S.W. at 120 ("[t]he title to whatever property may be acquired by the action of the police commissioners of Kansas City does not appear to be vested in them as a body corporate, although they have the care and custody of it"). Because any real property acquired by Council is "in the name of the County," the property does not appear to be vested in Council. *See* Charter § 2.516. Thus, this factor militates against finding Council to be a suable entity.

Finally, the fact that the Charter does not empower Council to sue or be sued weighs strongly in favor of finding it incapable of being sued. *American Fire Alarm* considered this factor at length, and the *Purcell* court stated explicitly, it was largely determinative of the outcome. Thus, although neither *Purcell* nor *American Fire Alarm* are binding precedent for the question before this Court, they provide strong persuasive precedent. Therefore, this Court finds Council is not an entity capable of being sued in its own name.

10

**C.       AT&T could obtain the relief it seeks even if Council is not a party**

AT&T argues "it is necessary and proper for the Council to be a party to this action, as without the Council, there is no party which the Court can compel to approve the conditional use permit." ECF No. 25, at 2. However, precedent reveals AT&T could obtain relief by suing the County of St. Charles, and thus, its concern is unwarranted. In several cases, parties that had applied for and were denied conditional use permits by the municipalities' respective Boards of Adjustments sued the municipality itself and were granted the relief sought. *See*, *e.g.*, *Sprint Spectrum, L.P. v. City of Dardenne Prairie, Missouri*, No. 4:06CV-00095 JCH, 2006 WL 8459115 (E.D. Mo. Sept. 19, 2006) (court ordered sole defendant City of Dardenne Prairie to issue plaintiff Sprint Spectrum variances and a conditional use permit in accordance with its application); *Voicestream PCS II Corp. v. City of St. Louis, MO*, No. 4:04CV732 FRB, 2005 WL 6122137 (E.D. Mo. Aug. 3, 2005) (court issued an injunction ordering sole defendant City of St. Louis to issue plaintiff Voicestream PCS II Corporation, d/b/a T-Mobile a conditional use permit). In fact, one such example involved the County of St. Charles.

In *Sprint Spectrum L.P. v. Cnty. of St. Charles, Mo.,* No. 4:04CV1144 RWS, 2005 WL 1661496 (E.D. Mo. July 6, 2005), the plaintiff, Sprint Spectrum L.P. ("Sprint") wanted "to build a wireless telecommunications tower in St. Charles county" and applied for a conditional use permit in order to do so. *Id.* at 1. After the St. Charles County Council denied Sprint's application, Sprint filed suit against the County of St. Charles alleging Council's denial of its application violated the Federal Telecommunications Act. *Id.* at 2. This Federal Court found St. Charles had failed to comply with the requirements of the Federal Telecommunications Act in denying Sprint's application and "grant[ed] an injunction ordering St. Charles to grant Sprint's

11

application for a conditional use permit to construct a 180 foot tower." *Id.* at 8. Although the St.

Charles County Council was not party to the lawsuit, the court ordered the issuance of a

conditional use permit, and thus, Sprint was able to obtain the relief it sought without suing the

council empowered to approve conditional use permits. *See id.* Therefore, this Court's finding

that Council is not a suable entity does not leave AT&T without a remedy.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by Defendant St. Charles

County Council (the "Council") pursuant to Federal Rule of Civil Procedure 12(b)(2) is

**GRANTED**. [ECF No. 23].

An appropriate order of partial dismissal will accompany this Memorandum and Order.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of May, 2024.